UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIENVENIDO THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE DENISE COBHAM,<br><br>Defendant. | 12-CV-1041<br><br>OPINION |

    This matter comes before the Court on Defendant's motion to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). For the reasons discussed below, the Court will **GRANT** the motion and dismiss the above-captioned action with prejudice.

    On February 21, 2012, Plaintiff Bienvenido Thompson started this litigation by attempting to file the first page of a two-page federal form entitled "COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY" against Defendant, the Honorable Denise Cobham, J.S.C. The form was accompanied by a one-paragraph letter, signed by Plaintiff, indicating simply "[w]ith this communication, I'm suing the HON. Denise Cobham, for violating the civil rights of the undersigned and causing damages to the properties of this [sic]." The Court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and ordered that Plaintiff had 60 days in which to file an amended complaint. On April 23, 2012, Plaintiff filed a two-page letter and dozens of pages of transcripts and documents from a state court proceeding. This Court construes that filing as Plaintiff's Amended Complaint. On May 15, 2012, Defendant moved to dismiss the Amended Complaint in its entirety. Plaintiff did not file any opposition, and the time for such filing has long since passed.

    While the allegations are unclear, the gist of the Amended Complaint is that Plaintiff is unhappy with Defendant's rulings in the state court proceeding, especially her ordering that Plaintiff be evicted. The Amended Complaint does not clearly identify the nature of the state court proceedings, but it appears that the litigation was a landlord-tenant dispute in the Special Civil Part of the Law

1

Division, New Jersey Superior Court, Essex County. Plaintiff alleges that Defendant's decisions violated New Jersey law and his Fifth and Fourteenth Amendment due process rights. In addition to taking exception to certain unspecified rulings Defendant that made, Plaintiff also asks the Court to hold Defendant liable for property damages, attorney's fees, and lost income.

Even in light of Plaintiff's *pro se* status and the accordingly liberal interpretation the Court thus afford his pleadings, the Amended Complaint fails for a variety of reasons. Chief among them are limitations on this Court's jurisdiction and limitations on the liability of judicial officers. While the Court need not address every reason to dismiss the Amended Complaint, the Court will address these two.

First, to the extent that Plaintiff seeks review of judicial decisions already rendered, the Court lacks subject matter jurisdiction to entertain such requests. The Rooker-Feldman doctrine recognizes that a litigant who was unsuccessful in a state court proceeding cannot seek review of those proceedings by a federal district court. *Middlebrook at Monmouth v. Liban*, 419 F. App'x 284, 285 (3d Cir. 2011). The doctrine thus bars this Court from reviewing or overturning Defendant's prior rulings. *See, e.g.*, *id.* at 285-86 (affirming dismissal of action seeking review of New Jersey Supreme Court's decision in landlord-tenant action); *Ajjahnon v. New Jersey*, 238 F. App'x 769, 769-70 (3d Cir. 2007) (affirming dismissal of action under 42 U.S.C. § 1983 that sought reversal of landlord-tenant dispute); *Federal Home Loan Mortg. Corp. v. Desmet*, 11-cv-575, 2012 WL 910241, at *2 (D.N.H. Feb. 21, 2012).

Second, to the extent that Plaintiff seeks to collect money damages against Defendant for injuries allegedly caused by Defendant's decisions, judicial immunity bars Plaintiff's claims. Judges, including state court judges, are generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 734-35 (1980); *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978). Judicial immunity is absolute and cannot be overcome by allegations of bad faith or malice. *Mireles*, 502 U.S. at 11. Rather, the only two exceptions to judicial immunity are for non-judicial actions or for a judicial action taken in the complete absence of jurisdiction. *Id.* "Whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties." *Stump*, 435 U.S. at 362. Here, Defendant's actions complained of by Plaintiff are judicial in nature: he claims that she misapplied the law in making certain evidentiary rulings and in ordering his eviction. Plaintiff does not object to Defendant's jurisdiction, nor does a review of the Amended Complaint reveal any basis for such an objection. As such, Defendant is protected by judicial immunity, and Plaintiff's

claims for damages must fail.

      For the foregoing reasons, the will Court dismiss the Amended Complaint. Because further amendment would be futile in light of the doctrine of judicial immunity and the Rooker-Feldman doctrine, the Court will dismiss this action with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Ajjahnon*, 238 F. App'x at 771 (affirming dismissal with prejudice of action barred by Rooker-Feldman doctrine); *Gary v. Gardner*, 445 F. App'x 465, 467 (3d Cir. 2011) (affirming dismissal with prejudice of action barred by judicial immunity). An appropriate order follows.

                                                        /s/ William J. Martini
                                           **WILLIAM J. MARTINI, U.S.D.J.**